May it please the court. My name is Eitan Kassel-Janich. I'm representing Michelle Hurter in this matter As you're well aware in this case the district court Actually remanded Ms. Hurter's claim for a new hearing but the Report and recommendation it was adopted by the court Limited the new hearing to the taking of testimony from a vocational expert the court did not find Any of the other errors that I had raised in in court to be Reversible error and that's the reason I'm here today Hurter is asking this court to hold the ALJ did not just err by failing to take testimony from a vocational expert But he also made many other very significant errors These are all addressed in my brief. I'll briefly touch on a few of them The first error that is very significant is Ms. Hurter has many many many different impairments lots of things wrong with her. She's got congenital deformity. She's got Hydrocephalus, she's got a lot. She's got depression. She has So many it's a long list Her treating physician. Dr. Seward Filled out several handwritten forms in which they're almost kind of hard to read because they go on and on and on Detailing all of these many different problems that she's aware that she has that she's treated her for that. She's seen the reports from other physicians who Treated her on referral Lots of different things wrong with her in the ALJ's decision he specifically mentioned about a half dozen of those of her impairments and Specifically ruled these are not severe impairments. Well That's not By itself reversible error because if you say these impairments aren't severe As long as he found something severe and moved on beyond step two in the analysis Just merely stating that something's not severe is not reversible error But he went further not only did he not did he find these impairments to be not severe He also didn't consider the limitations that were caused by these impairments and then there were a bunch of other impairments including the hydrocephalus feed abnormalities that these that he didn't even mention and Once again, the ones he didn't mention he didn't factor them into his analysis in the rest of his decision That's the first Reversible error that I see here is is failing to Consider all of those counselor you you're looking for a partial reband. You're not asking the whole thing be reviewed again, right? I Actually am looking for Honestly the evidence in this case would support the award of benefits, but it certainly Supports a remand, but you still have the question of amount that issue and terms the duration These are possible questions that could be resolved at a remand hearing the because this is an SSI claim the Dates that are at state that that's at stake is only from her application date. She doesn't get to go back Not but 2001 nothing like that. No, in fact, she alleged she originally alleged disability back to 2001 or something but for purposes of this appeal we and for a person in court This is how you can only get it from the application date forward right the month after the month of application So we amended the onset date to the month of the application So no, we're not looking for the court to or anyone to look further back than that Except further back some of the stuff that happened for the back You claim has an impact on how she performs now that is correct and because as an example and even though even when you're only if you apply in 2006 alleging disability from 2006 if you had us if you and what happened to her she had She she had respiratory failure was hospitalized for 11 days was intubated for 11 days in 1999 she's terrified of that recurring absolutely terrified and so The ALJ doesn't even acknowledge that she had respiratory failure. Those words aren't in his decision He says she was hospitalized for pleuritic pain. It wasn't pleuritic pain. It was issues respiratory failure. She was intubated So that that's an example of one thing that she had back then that still affects her But then but most of the things that are affecting her now, okay I'll another one that she's very significant. She had back surgery. She injured her She she had back in approximately 2002 the records I don't think the surgery are in the file, but there's all the references to it There's MRI reports that show that she's continued to have significant pathology from this including an annular tear she's had there was an Neurologist found that she had sensory deficits that corresponded with three of her over L3 through L5 and Yet the ALJ just doesn't even address those issues that he found that she had no Postural limitations whatsoever none this is a woman who had back surgery and it's documented that she has limited range of motion as a result of that and Documented that she's got the limited sensation that correlates with the results of that So there's just so much missing from the decision that what's disturbing here Is that under the district courts decision? That ALJ decision, which is a not a very good decision is Essentially almost completely and totally affirmed The only error that was found was that the ALJ didn't take vocational Testimony on the issue of her environmental restrictions doesn't a met doesn't mention the postural limitation doesn't mention the medical Records the document why she has postural limitations gives no weight at all To her treating physicians opinion none now, of course under Social Security law and in law of the Ninth Circuit The treating physicians opinion is entitled to the greatest way the treating physicians opinion is entitled to deference But here the treating physicians opinion gets no weight at all Another error I addressed in my brief is long laundry list of Now I'll approach it from If the ALJ had incorporated into his analysis in his residual functional capacity All of the limitations that arose from all of those medical findings Failure to just simply mention them all doesn't really matter But once again, not only did he not mention any of that evidence He also failed to incorporate the limitations into his residual residual what was left out of the RFC boy the postural limitations limitations on her ability to stand which is a result of her Congenitally deformed toes short hose the her Limitations arising from her depression which sometimes she just gets depressed Limitations arising from her migraines which are under control of medication She only gets them once a month, but when she takes her medication our side effects So this is something that it's one more thing that needed to be factored in so the IRC didn't contain That didn't say and an employee who once a month has migraine headaches What exactly didn't didn't and the the the fact that they are controlled with medication? You then have to factor in what are the side effects of the medication as you testified that the medications She would still be knocked out for several hours. Even with the medications the medications work, but they still knocked her out The what else was left out of the RFC As Far as postural limitations, it's well documented that she can't reach overhead. She's got shoulder problems the ALJ found She didn't that was a non severe problem She So she can't reach Right, she can't reach overhead one of the most significant things is she walks with a cane because She needs it because and it's documented once again. She's got sensory Deficiencies and l3 through l5 there is a physical therapist who did testing on her and found that she had gait Abnormalities the ALJ doesn't mention that evidence the ALJ says there's no evidence that she needs a cane this is just a matter of Choice and and and personal preference. It's not personal preference She uses a cane because she doesn't want to fall because she's got short toes She's got the residuals of a back injury and she can't get around without using a cane The result of all of that when you've got to get around using a cane You can't do light work the ALJ found cheek Light work generally requires being able to stand for six hours in a day There is no way this woman can do that Unless you disregard all of the evidence. I thought he said it Well, she used he acknowledged that she used a cane, but there was no medical There's no evidence that it was prescribed to grind right? Doesn't that right what he said? Yes, and then he went further and said therefore she doesn't need it So the fact that she has once again if you've got medical conditions that can reasonably be expected to cause you to have An inability to stand inability to walk without relying on a cane and you testify I need to use this cane because and here's why I My back hurts. I I'm afraid I'm gonna fall I use a cane then I don't fall it That's the analysis that the ALJ was required to take but the ALJ Didn't mention the evidence that supported why she would need a cane and then he said well She's just using a cane because she wants to I'm gonna disregard that She actually needs a cane and that's actually one of the most significant shortcomings of the residual functional capacity assessment It doesn't include her need to use a cane So what I'm asking the court here to do You've got a remand already, yes, you got a remand on the on the at step five, right, right So you want to remand at least it says and we do the redo the RFC as well Exactly. That's at the very minimum and to do redo the RFC. You've got to look at the medical evidence You've got to look at what her doctor says. You can't give no weight at all to her treating physician You've got to look at all the evidence of the history that shows why she has what she has And you've got to listen to her testimony and with the remand that we have here if I weren't standing here today I've had this happen before You get your new hearing and the judge says I won't even take testimony. I don't have to I won't even I'm not gonna Look at the evidence. I don't have to put new evidence I don't care the court said the only thing that was wrong was that one thing and that's all I'm going to do and in this case That's affirming a bunch of nonsense a bunch of LJ decision just doesn't it's not supported by substantial evidence when you view the record as a whole and It's got just full of legal errors based on not applying the correct legal standards You want to say the balance your time for rebuttal? I do. Thank you. Thank you May please the court your honors Willie Lee for Commissioner of Social Security. I Hear two lines of questioning one about the relief one about the underlying evidence. I'll address one of the other first At your preference your honors or I'll just address Let me ask you one question on the relief part. Yes, sir. So the district court ordered it remanded. Yes Step five essentially for the testimony of vocational expert Is that right? Yes. No, she I guess on remand. She should be treated as a 50 year old advanced What is approaching advanced age right as opposed to a 47 year old, right? Her age has changed and so we so when it gets back they have to evaluate her based on her age at the time Do we need to make that clear? No, that's it's presumed. I mean, we're not limiting the period of review on remands to up to the date of the ALJ's decision It's SSI. It's continuing We're going to take her age as it is then and Maybe it comes out to a different determination based on based on the existing RFC but I They can present a claim it has the right to present any evidence even if it wasn't even raised on the prior proceeding That's guaranteed by our regulations 20 CFR section 4 16 point 14 83 So when counsel says the judge that the remand is not going to listen anything else except what the remand was about he's wrong He's not wrong. I mean, I'm not doubting that that's ever happened I if that happened the ALJ would be incorrect to do so, but to say that that's grounds for relief right now is So let me make sure because I've seen this in other other SSI SSA cases, and I'm just kind of curious That so when we send it back For let's say it further work at step at step 3 or not step 3. Let's say step 4 Yes, or step 2 We send it back They do and they can do a complete Rehearing I mean just start all over. Yes Is that the usual practice it is but not not because of any prescribed rule What usually happens in that case? I think I should preface it like this. There are two main inquiries in a disability analysis one Based on the medical and testimony the medical evidence and testimony. What can that person do physically and mentally? We come up with an RFC from that point on once that's settled we can then take everything Take those findings which usually aren't an issue anymore her age and her Education level then compare it to a vocational analysis and say okay based on all these factors. What can she do? work-wise so when we when when a court remands before the RFC is settled at a point in which say step 2 step 3 or Anything affecting the medical evidence or the credibility analysis that undermines the RFC and therefore Because the RFC has to incorporate all the evidence The practical effect is it does start over but the RFC here is not it's settled as far as the judge is concerned it's only coming back for one step to have a Vocational person talk about jobs. So how do you argue that the RFC is not settled in this case? Or it is settled in this case it's settled it is settled That's the default position to begin with if miss Herder doesn't present any new evidence Which is her right to do on remand. She has a right to present new evidence for the RFC on remand. Yes. Yes But if she doesn't and I don't think that's very likely If she doesn't then we're entitled to rely on the affirmed RFC from the district court and proceed from there You know because otherwise nothing else has changed it strikes me that if if she can go back With the remand she's already got and really get our whole case. Why are we here? That's an excellent question. Your honor sort of like this. Yeah, exactly. I Think there's an advantage to having a default place to begin with Law of the case rule of mandate a district court has affirmed these findings So if those findings leading to RFC, so if those findings aren't disturbed on remand by any new testimony or any new evidence then That's where we start from we're entitled to do that. Let me ask you this. So I Don't know if I'm calling it the right thing, but the vocational grids. Yes. Okay. Yes So with her new with her now approaching advanced age, right? 50 to 55 or whatever it is with this RFC Educational background. Do you have an idea where she might land? I feel not disabled. Yeah, I believe so I think once she turns 55 and this is all we can all verify this Later, but when she turns 55, I think with even a light RFC she might be found disabled anyway But that's I think two or three years from now She's about 52 now, right? I think so. Yes When I get reversed by the Court of Appeals and they say I should do a new sentencing, I don't do a new trial I don't understand how in the Social security world you get reversed and you say do step five again. You go back to steps one through four. I'm missing something Well by the district courts order, we're not required to if that's affirmed We're not required to start over if this court affirms the underlying evidence supporting the RFC The thing is in a disability cases new evidence comes in all the time, I mean a person's condition changes We have accommodations for those situations It's a natural part of the process. So if if she does present new evidence I think your concern is whether we're technically violating the district court's order and I don't think it is I mean we err on the side of caution with regards to So what okay, so with the onset B, let's say let's say it goes back down Yes, and the ALJ says she comes in with new evidence. Yes, and It's wow, it's convincing And he says yeah, you're disabled now Does he then pick the onset date? Could it be a date different from her application? Could it be that you know, like? A year before the new hearing while this case was on appeal. Yes That could happen yes It doesn't have to be the date that she alleges onset it could be It could be another date because new evidence comes in that she has another recent injury or something That's entirely possible, too. And and going back to my comment earlier judge Collins. I didn't mean to say err on the side of caution. We wants to give claimants the the benefit of any Of any change in the intervening circumstances, so we're not holding her to this RFC That the district court affirmed if If if she presents new evidence You know, that's not a given that we're going to say no we're denying you from presenting anything new. We're not changing what the district court found That that's just not the case can the ALJ prevent her from putting in new evidence this is only being remanded for that step No, no by regulation. She's allowed to present anything. She wants whether or not it was litigated the first time around Does he have to consider it? He or she have to consider it? Yes, he considers it, but I think the key Speaking of advantages to the government a key advantage. There is that if the ALJ decides Well, this doesn't really change what happened what I determined before I can still rely my reasoning which was already affirmed by the district court Yes, so yes, he has to consider it, but he doesn't have to change his findings So he argues that that let's start with The RFC for just a moment. He argues that the RFC here was not was not correct because it didn't pick up other Limitations even those that may have derived from her Non-severe impairments, right There's that the LJ says well, I considered everything in formulating this RFC here This looks like a kind of a standard RFC from what I've seen in the past. Yes there's an assumption there that just because you have an impairment it must indicate some level of impairment or or limitation or a limitation at all and I don't think that's Proper to do Just because you have short fingers or toes doesn't mean Well, I got the impression from reading the record about this about the congenital defect that it did cause her some problems walking And wearing shoes some reports said that but then some other doctor said she could walk on her heels. She could walk on her toes She didn't have any problems with her gait I mean, that's the kind of evidence that the conflicting evidence that we have to weigh all the time So yeah, I mean, I don't deny that there's evidence of her having problems But the LJ weighed it and I think it was reasonable for him to conclude especially based on the examinations of dr. Rao and dr. Brack that Looks she claims she has these well, she has these problems She claims she has these limitations from them, but we just don't see it Rowan Brecht actually they were not treating physicians, correct. Did they actually examine her they examined her? Yes I don't think they were treating her though. They were just they were Examining doctors Yes, they're examining. I was an examiner. He examined her, correct? Yes, I think that I if I think I picked up in the early decision that He considered dr. Brack as treating but I don't think that was accurate there. I think they're both examining doctors And the 15-year treating physician was given pretty much. No way yes, because What she concluded was? not It was just totally contradicted by the other findings of the other doctors. I mean she has back problems. Yes, but dr. Rao, I believe said that she could touch her toes with her fingers bend down and touch her toes. She had no indications of of Any findings or symptoms on straight leg testing in which you're sitting down you you you know, put your legs up and you Simulate bending but while you're not by work while you're sitting or lying down There are actually five reasons that the ALJ gave to reject Dr. Seward the treating doctor one of them which the district court already rejected us on saying that Ms. Herter basically dictated right? Yeah, I mean that was already rejected. So this evidence has been weighed. It has been reviewed and So if the district court rejected that argument What's the LJ gonna do now, well, there were there were other remaining reasons that the ALJ relied on that the district court affirmed in rejecting the treating doctor That they were inconsistent that her findings were inconsistent with other doctors drs. Rao and Brack the diagnostic findings her own treatment notes and The fact that she largely relied on miss Herter's subjective reporting and the ALJ found that miss Herter was not Entirely credible in what she was claiming. How does the ALJ know that the doctor relied on miss Herter's reporting? I Specifically I Can't recall what was stated in doctors I thought that all went back to the allegation that Herder told her what to put into the report, right? There was that and there I think there were references to Dr. Seward says see this attached report, but that report was actually just a history of Miss Herter subjective complaints and her medical tests and things like that so That was the basis upon which they as I said, hey this this doctor just repeated what the claimant was stating So And I don't think credibility was touched upon very much Here, but I don't think I need to get into that now unless your honor set questions about that. You know about rejecting Herder's credibility, right, right Again, the ALJ gave several reasons one of which was already rejected by the district court. So You know, it's been reviewed it's been weighed I think it should be affirmed again because Miss Herder is not raising anything new any new arguments on appeal here finally this this Topic about not discussing evidence. I don't think that's even supported by the record itself. I mean the ALJ cited all these Reports from which these individual findings miss Herder's raising now. They were already discussed just because the ALJ doesn't Line up every single finding and say, okay, I consider this and that and that and that that doesn't mean that it wasn't considered The assumption another assumption there that miss Herder's making is that once again these findings indicate something not already encompassed in the RFC or that they Even produce any limitations at all so That's all I prepared so unless you're honest I have no further questions, thank you very much counsel my time. Thank you Counsel says you don't need to be here because you're gonna get a new hearing anyway, not true We'll get a new hearing but the new hearing will be a denial I can write the decision for you today would take me about five minutes because I could cut and paste the old one It would find that her that there'd be a vocational expert. They would testify Well, there's plenty of jobs somebody can do if all they have is environmental limitations ALJ will say under the law of the case. The court has affirmed my RFC finding They've affirmed my entire analysis has been affirmed. Therefore. I'm not gonna do it again Why should I and why should he honestly the I think the mistake here is in the district courts decision in Affirming in fact kind of all of those mistakes that were made by the ALJ Now I want to quickly address the conflicting evidence issue regarding her ability to walk there is conflicting evidence on that But if an ALJ is going to say, oh, well, dr. Rao says she can walk. So therefore she can walk without shutting in cane LJ's also got to mention the conflicting evidence He doesn't mention that the physical therapist found that she couldn't walk and that she had data abnormalities doesn't mention it He could have mentioned it say well, he says this she says that I'm gonna accept this and here's why he didn't do that He just ignored the evidence that contradicted his analysis I'm gonna read you something real quickly. You'll see it five times eight times in my brief December 2003. Dr anesthesia left l3 l4 l5 distribution That's significant my reply brief point-by-point list ten points of evidence that were not mentioned If that evidence means nothing then you then his argument the government's argument is correct So what but it does mean something the ALJ didn't mention any of that and he didn't factor it in he didn't explain why? the Commissioner has a novel argument that's I I addressed it in my brief. I didn't mention it before about There were supposedly handwritten notation saying with the ALJ's initials throughout the file. That's not his initials it's s it's it's the doctor the treating doctor looked at all those reports and submitted them and And so that's a complete that's a mistake We didn't bring it up before but it's obvious if you look at her reports and how she signs her name It just showed that she was reviewing all of the evidence all of the reports from all of the referral people with regard to credibility this woman is a Credible witness and you can't analyze credibility if you're not analyzing the medical evidence correctly So in conclusion, I do just ask that this case should be remanded The proper step is I've been told is called step three and a half Because before if it's a five-step thing one, two, three, four five Before step four they have to do the residual functional capacity evaluation. There should be a new RFC assessment which takes into account all the evidence that's here and any new evidence she provides as well all at once Okay. Thank you counsel Matter will be submitted and that ends our session for today and for the week and thank you all very much Thank you
judges: Collins, Beezer, Paez